UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDEDALE DIVISION

CASE NO.:

DAVID B. HERNANDEZ
and other similarly-situated individuals,

    Plaintiff(s),

v.

SAN GALLAN, INC.
d/b/a BRAVO GOURMET SANDWICH
a/k/a BRAVO PERUVIAN CUISINE
and DENNIS QUIROZ, and VANESA OLIVA
Individually,

    Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DAVID B. HERNANDEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SAN GALLAN, INC. d/b/a BRAVO GOURMET SANDWICH, a/k/a BRAVO PERUVIAN CUSISINE, DENNIS QUIROZ and VANESA OLIVA individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages, and retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DAVID B. HERNANDEZ is a resident of Broward County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SAN GALLAN, INC. a/k/a BRAVO GOURMET SANDWICH, a/k/a BRAVO PERUVIAN CUSISINE (hereinafter BRAVO PERUVIAN CUISINE, or Defendant) is a Florida corporation, having place of business in Dade and Broward County, Florida, where Plaintiff worked for Defendant. at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants DENNIS QUIROZ and VANESA OLIVA were and are now, the owners/partners/officers, and managers of Defendant Corporation BRAVO PERUVIAN CUISINE. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff DAVID B. HERNANDEZ to recover from Defendant overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Defendant BRAVO PERUVIAN CUISINE is a Peruvian restaurant. Defendant operates at least two restaurants under that name. Plaintiff worked at the restaurant located at 2925 NE 6th Avenue, Wilton manor, FL  33334.

8. Defendants BRAVO PERUVIAN CUISINE, DENNIS QUIROZ and VANESA OLIVA employed Plaintiff DAVID B. HERNANDEZ as a non-exempt, hourly, full-time restaurant employee approximately from May 14, 2018 to October 12, 2018 or 21 weeks. However,

for FLSA's purposes Plaintiff's relevant period of employment is 18 weeks. Plaintiff did not work overtime hours during his last 3 weeks of employment.

9. Plaintiff was hired to work as a cook. Plaintiff was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

10. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff had Saturdays off, but he worked 6 days per week; on Mondays Plaintiff worked a double shift from 9:00 AM to 10:00 PM (13 hours); on Tuesdays and Wednesdays, Plaintiff worked from 9:00 AM to 3:30 PM (6.5 each day); on Thursdays Plaintiff worked again a double shift from 9:00 AM to 10:00 PM (13 hours); on Fridays Plaintiff worked double shift from 9:00 AM to 11:00 PM (14 hours).

11. Thus, in a week period Plaintiff completed 65 hours.  Plaintiff was unable to take bona-fide lunch breaks.

12. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of hours worked.  The paystubs showed 40 or less working hours every week period.  The remaining overtime hours were paid to Plaintiff in cash and at his regular rate.

13. Plaintiff worked in excess of 40 hours every week, but he was not paid for overtime hours. Plaintiff was paid for all his working hours at his regular rate of $12.00 an hour.

14. Therefore, during the relevant period of time Defendants failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. Plaintiff clocked in and out through a computer, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

16. Plaintiff was not in agreement with the rate for overtime hours paid to him and on or about September 14, 2018, Plaintiff complained to the owner of the business DENNIS QUIROZ. Defendants refused to pay Plaintiff for overtime hours.

17. The next day, on or about September 15, 2018, Plaintiff's working hours were reduced to 25 hours per week.

18. On or about October 12, 2018, Defendants fired Plaintiff using pretextual reasons.

19. Plaintiff is not in possession of paystubs and time records, but he is going to provide a good faith estimate of unpaid overtime wages based on his best recollections.,

20. Plaintiff DAVID B. HERNANDEZ seeks to recover overtime wages at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, retaliatory damages and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff DAVID B. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff DAVID B. HERNANDEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant BRAVO PERUVIAN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as Peruvian restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was cook that on regular basis handled and worked with goods that were moved in interstate commerce at any time during business. Therefore, there is individual coverage.

26. Defendants BRAVO PERUVIAN CUISINE, DENNIS QUIROZ and VANESA OLIVA employed Plaintiff DAVID B. HERNANDEZ as a non-exempt, full-time, hourly restaurant employee approximately from May 14, 2018 to October 12, 2018 or 21 weeks. However, for FLSA's purposes Plaintiff's relevant period of employment is 18 weeks. Plaintiff did not work overtime hours during his last 3 weeks of employment.

27. Plaintiff was hired to work as a cook. was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

28. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule.  Plaintiff had Saturdays off, but he worked 6 days per week; on Mondays Plaintiff worked a double shift from 9:00 AM to 10:00 PM (13 hours); on Tuesdays and Wednesdays, Plaintiff worked from 9:00 AM to 3:30 PM (6.5 each day); on Thursdays Plaintiff worked again a double shift from 9:00 AM to 10:00 PM (13 hours); on Fridays Plaintiff worked double shift from 9:00 AM to 11:00 PM (14 hours). Thus, in a week period Plaintiff completed 65 hours.  Plaintiff was unable to take bona-fide lunch breaks.

29. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of hours worked.  The paystubs showed 40 or less working hours every week period.  The remaining overtime hours were paid to Plaintiff in cash and at his regular rate.

30. Plaintiff worked in excess of 40 hours every week, but he was not paid for overtime hours. Plaintiff was paid for all his working hours, but at his regular rate of $12.00 an hour.

31. Therefore, during the relevant period of time Defendants failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff clocked in and out through a computer, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

33. Plaintiff was not in agreement with the rate for overtime hours paid to him and on or about September 14, 2018, Plaintiff complained to the owner of the business DENNIS QUIROZ. Defendants refused to pay Plaintiff for overtime hours.

34. On or about October 12, 2018, Defendants fired Plaintiff using pretextual reasons.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

36. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

   b. <u>Calculation of such wages</u>:

    Total period of employment: 21 weeks
    Relevant weeks of employment:  18 weeks
    Total hours worked:  65 hours weekly average
    Total overtime hours: 25 overtime hours
    Regular rate: $12.00 x 1.5= $18.00 O/T rate
    O/T rate $18.00-$12.00 paid = $6.00 half-time O/T difference

    $6.00 O/T half-time x 25 hours=$150.00 weekly x 18 weeks=$2,700.00

    <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, individual Defendants DENNIS QUIROZ and VANESA OLIVA were and are now, the owners/partners/managers of BRAVO PERUVIAN CUISINE. Defendants DENNIS QUIROZ and VANESA OLIVA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of the corporation in relation to its employees, including Plaintiff and others similarly

situated. Defendants DENNIS QUIROZ and VANESA OLIVA had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and they are jointly liable for Plaintiff's damages.

42. Defendants BRAVO PERUVIAN CUISINE DENNIS QUIROZ and VANESA OLIVA, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID B. HERNANDEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DAVID B. HERNANDEZ and other similarly-situated individuals and against the Defendants BRAVO PERUVIAN CUISINE DENNIS QUIROZ and VANESA OLIVA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DAVID B. HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

JURY DEMAND

Plaintiff DAVID B. HERNANDEZ demands trial by jury of all issues triable as of right by jury.

<b>COUNT II:</b><br><b>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</b><br><b>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</b>

44. Plaintiff DAVID B. HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

45. Defendant BRAVO PERUVIAN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as Peruvian restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a cook, regularly handled and

worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

47. Defendant BRAVO PERUVIAN CUISINE was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants BRAVO PERUVIAN CUISINE, DENNIS QUIROZ and VANESA OLIVA employed Plaintiff DAVID B. HERNANDEZ as a non-exempt, full-time, hourly restaurant employee approximately from May 14, 2018 to October 12, 2018 or 21 weeks. However, for FLSA's purposes Plaintiff's relevant period of employment is 18 weeks. Plaintiff did not work overtime hours during his last 3 weeks of employment.

51. Plaintiff was hired to work as a cook. was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

52. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule. Plaintiff worked 6 days per week and he completed an average of 65 working hours every week.

53. Plaintiff was paid weekly with checks and paystubs that did not reflect the real number of hours worked. The paystubs showed 40 or less working hours every week period. The remaining overtime hours were paid to Plaintiff in cash and at his regular rate.

54. Plaintiff worked in excess of 40 hours every week, but he was not paid for overtime hours. Plaintiff was paid for all his working hours, but at his regular rate of $12.00 an hour.

55. Therefore, during the relevant period of time Defendants failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

56. Plaintiff clocked in and out through a computer, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

57. Plaintiff was not in agreement with the rate for overtime hours paid to him and on or about September 14, 2018, Plaintiff complained to the owner of the business DENNIS QUIROZ. Defendants refused to pay Plaintiff for overtime hours.

58. This complaint constituted protected activity under 29 U.S.C. 215(a)(3)

59. As a consequence of Plaintiff's complain about the payment for overtime hours, the next day, on or about September 15, 2018, Plaintiff's working hours were reduced to 25 hours per week.

60. Furthermore, on or about October 12, 2018, Defendants fired Plaintiff using pretextual reasons.

61. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

62. There is closed proximity between Plaintiff's protected activity (on or about September 14, 2018) and the date of his termination.

63. At the times mentioned, individual Defendants DENNIS QUIROZ and VANESA OLIVA were and are now, the owners/partners/managers of BRAVO PERUVIAN CUISINE. Defendants DENNIS QUIROZ and VANESA OLIVA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendant acted directly in the interests of the corporation in relation to its employees, including Plaintiff and others similarly situated.  Defendants DENNIS QUIROZ and VANESA OLIVA had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and they are jointly liable for Plaintiff's damages.

64. Defendants BRAVO PERUVIAN CUISINE DENNIS QUIROZ and VANESA OLIVA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and then retaliated against Plaintiff by firing him.

65. The motivating factor which caused Plaintiff's termination as described above was his complaint seeking overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

66. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID B. HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants BRAVO PERUVIAN CUISINE DENNIS QUIROZ and VANESA OLIVA that Plaintiff DAVID B. HERNANDEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff DAVID B. HERNANDEZ further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff DAVID B. HERNANDEZ demands trial by jury of all issues triable as of right by jury.

Dated:  October 19, 2018     Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*