UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:18-cv-62591-JIC

DAVID B. HERNANDEZ and other similarly-situated Individuals,

    Plaintiff(s),

v.

SAN GALLAN, INC. d/b/a BRAVO GOURMET SANDWICH a/k/a BRAVO PERUVIAN CUISINE and DENNIS QUIROZ, and VANESA OLIVA, Individually,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants SAN GALLAN, INC., DENNIS QUIROZ, and VANESA OLIVA, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. Admitted that the Complaint alleges violations of the Fair Labor Standards Act 29 U.S.C. §201, et sec. Admitted that the Court has jurisdiction over this matter.

2. Defendants are without independent knowledge of the facts alleged in this Paragraph, but presume them to be true.

3. Admitted.

4. Denied as alleged.

5. Admitted for venue purposes only. Denied for any other purpose.

## **GENERAL ALLEGATIONS**

6. Admitted that Plaintiff is attempting to bring this cause of action for overtime compensation, liquidated damages, retaliatory damages, costs, and attorney's fees. Denied that Plaintiff is entitled to any such relief.

7. Admitted only that Plaintiff worked for the entity Defendant as the location alleged in this Paragraph.

8. Admitted that the Plaintiff was employed by the entity Defendant as an hourly employee in the time period alleged. Admitted that Plaintiff did not work overtime hours during the last 3 weeks of his employment. All other allegations are denied.

9. Admitted that Plaintiff's regular rate while working for the entity Defendant was $12.00/Hr. The allegation concerning Plaintiff's overtime rate is not a factual allegation to which a response is necessary. The FLSA, the DOL regulations related to the FLSA, and FLSA case law are the best evidence of the content and intent of the FLSA.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants do not have independent knowledge of what Plaintiff is or is not in possession of or what he is or is not "going to" do. Therefore, Defendants cannot admit or deny this Paragraph.

20. Admitted that Plaintiff is seeking to recover overtime wages through this Complaint. Denied that Plaintiff is entitled to recover any such wages.

21. Denied.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Defendants restate and adopt their responses to Paragraph 1-21, above, as if fully stated herein.

23. Denied that Plaintiff is entitled to the relief sought in this lawsuit. Further, denied that there are other individuals, similarly situated to Plaintiff, who have shown any interest in joining Plaintiff's lawsuit.

24. Admitted.

25. Admitted that, during Plaintiff's employment, the entity Defendant was an enterprise engaged in interstate commerce. All other allegations are denied. Further, denied that Plaintiff, as a cook, had FLSA coverage under the "individual coverage" theory.

26. Admitted that the entity Defendant employed Plaintiff between May 14, 2018 and October 12, 2018 as an hourly cook. Admitted that Plaintiff did not work any overtime in the last three weeks of his employment. All other allegations are denied.

27. Admitted that Plaintiff's regular rate while working for the entity Defendant was $12.00/Hr. The allegation concerning Plaintiff's overtime rate is not a factual allegation to which

a response is necessary. The FLSA, the DOL regulations related to the FLSA, and FLSA case law are the best evidence of the content and intent of the FLSA.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that the entity Defendant has records pertaining to Plaintiff time and pay. All other allegations are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied as alleged.

42. Denied.

43. Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph. Therefore, denied.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215(a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

44.     Defendants restate and adopt their responses to Paragraph 1-21, above, as if fully stated herein.

45.     Admitted.

46.     Admitted that, during Plaintiff's employment, the entity Defendant was an enterprise engaged in interstate commerce. All other allegations are denied. Further, denied that Plaintiff, as a cook, had FLSA coverage under the "individual coverage" theory.

47.     Admitted.

48.     This Paragraph does not contain a factual allegation to which a response is necessary, the referenced statute is the best evidence of its content.

49.     This Paragraph does not contain a factual allegation to which a response is necessary, the referenced statute is the best evidence of its content.

50.     Admitted that the entity Defendant employed Plaintiff between May 14, 2018 and October 12, 2018 as an hourly cook. Admitted that Plaintiff did not work any overtime in the last three weeks of his employment. All other allegations are denied.

51.     Admitted that Plaintiff's regular rate while working for the entity Defendant was $12.00/Hr. The allegation concerning Plaintiff's overtime rate is not a factual allegation to which a response is necessary. The FLSA, the DOL regulations related to the FLSA, and FLSA case law are the best evidence of the content and intent of the FLSA.

52.     Denied.

53.     Denied.

54.     Denied.

5

55. Denied.

56. Denied.

57. Denied.

58. Admitted that a Complaint about unpaid overtime would, in theory, constitute a protected activity under the FLSA. Denied that Plaintiff has ever complained about not being paid overtime.

59. Denied.

60. Denied.

61. Denied.

62. Denied that Plaintiff engaged in a protected activity or that he was retaliated against. Therefore, denied.

63. Denied as alleged.

64. Denied.

65. Denied.

66. Denied.

67. Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph. Therefore, denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

**Second Affirmative Defense**

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in any workweek – Plaintiff has brought this action for unpaid overtime wages, not unpaid regular wages.

**Third Affirmative Defense**

Plaintiff has not met all of the requirements to bring a collective action under the FLSA; he has not shown that there are other similarly situated individuals who are interested in participating in this lawsuit.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

**Fifth Affirmative Defense**

Plaintiff is not entitled to overtime for hours not actually worked, such as bona-fide lunch breaks.

**Sixth Affirmative Defense**

To the extent the entity Defendant is found not to be liable, DENNIS QUIROZ and VANESA OLIVA are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendants. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

**Seventh Affirmative Defense**

Plaintiff's damages (if any) are barred to the extent they are *de minimis*.

### Eighth Affirmative Defense

With respect to the retaliatory discharge claim, Plaintiff's employment ended for a legitimate, non-discriminatory and non-retaliatory reason.

### Ninth Affirmative Defense

With respect to the retaliatory discharge claim, Plaintiff has failed to mitigate his damages through seeking employment to set-off in whole or in part the damages complained of herein.

### Tenth Affirmative Defense

With respect to damages for retaliatory discharge claim, Defendant is entitled to setoff for all remuneration received by Plaintiff since her employment with the entity defendant ceased.

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees pursuant to 28 U.S.C. §1927, to the extent applicable.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 29th day of November, 2018.

> Adi Amit, P.A.
> *Counsel for Defendants*
> 101 Centre
> 101 NE Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> E-mail: Adi@DefenderOfBusiness.com
>
> By: *s/Adi Amit*
>     Adi Amit, Esquire
>     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/ *Adi Amit*
> Adi Amit

## SERVICE LIST

*David B. Hernandez v. San Gallan, Inc., et al*
S.D. Fla. Case No.: 0:18-cv-62591-JIC

| | |
|---|---|
| Zandro E. Palma, Esquire | Adi Amit, Esquire |
| Zandro E. Palma, P.A. | Adi Amit, P.A. |
| 9100 S. Dadeland Blvd. | 101 Centre |
| Suite 1500 | 101 N.E. Third Avenue |
| Miami, FL 33156 | Suite 300 |
| zep@thepalmalawgroup.com | Ft. Lauderdale, Florida 33301 |
| *Counsel for Plaintiff* | Adi@DefenderOfBusiness.com |
| | *Counsel for Defendants* |